# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SATKARAN SATKARAN,<br><br>Petitioners,<br><br>v.<br><br>SERGIO ALBARRAN, et al.,<br><br>Respondents. | Case No. 1:26-cv-01598-JLT-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO DENY PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner, represented by counsel, is a federal immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.

## BACKGROUND

Petitioner is a citizen of India who entered the United States without inspection on or about July 14, 2018 by foot near Hildago, Texas after crossing the Rio Grande River. Petitioner was subsequently encountered and detained by Respondents for over a month until he was deemed to have a credible fear of persecution, issued a notice to appear dated August 28, 2018, and apparently released on August 31, 2018. On January 28, 2019, Petitioner lodged his asylum application (Form I-589) with the immigration court. (ECF No. 1 at 2.[1])

---

[1] Page numbers refer to the ECF pagination stamped at the top of the page.

1

On October 6, 2021, Petitioner was arrested for assault with a deadly weapon, but no charges were filed. On January 29, 2023, Petitioner was arrested for battery and assault with a deadly weapon. On or about October 11, 2024, Petitioner was convicted of misdemeanor battery and sentenced to ten days in jail and one year of probation. (ECF No. 1 at 3.)

On May 6, 2025, Petitioner was re-detained by Respondents. On or about May 17, 2025, Petitioner requested a bond hearing pursuant to 8 C.F.R. § 1236 and was granted a hearing. (ECF No. 1 at 3.) On May 29, 2026, an immigration judge ("IJ") denied bond, citing flight risk. (ECF No. 1-5 at 2.) On November 24, 2025, Petitioner received a second bond hearing, and an IJ denied bond, citing dangerousness based on Petitioner's battery conviction. (Id. at 4.)

On February 25, 2026, Petitioner filed a petition for writ of habeas corpus and a motion for temporary restraining order ("TRO"). (ECF Nos. 1, 2.) The motion for TRO was denied as untimely. (ECF No. 6.) On March 25, 2026, Respondents filed an answer. (ECF No. 7.) To date, no traverse has been filed, and the time for doing so has passed.

## II.

## DISCUSSION

In his sole claim for relief, Petitioner challenges his detention on due process grounds. (ECF No. 1 at 12–15.) Respondents argue that the petition should be dismissed for failure to exhaust administrative remedies and that "Petitioner is lawfully detained under 8 U.S.C. §1226(a)" as "two separate immigration judges dutifully considered all appropriate evidence and circumstances and found that that Petitioner was a danger to the community and a flight risk." (ECF No. 7 at 2, 4.)

"The detention of aliens during removal proceedings has long been upheld as a permissible exercise of the political branches' authority over immigration," and the Ninth Circuit has held that 8 U.S.C. § 1226(a), which "offers substantial procedural protections to detained persons," is not facially unconstitutional. Rodriguez Diaz v. Garland, 53 F.4th 1189, 1193–94 (9th Cir. 2022). Further, the Ninth Circuit has rejected the claim that "the Due Process Clause entitles [a petitioner] to a second bond hearing at which the government bears the burden of proof by clear and convincing evidence." Id. at 1203. Although Rodriguez Diaz did "not

foreclose all as-applied challenges to § 1226(a)'s procedures," 53 F.4th 1213, Petitioner has not established that his case is distinguishable from <u>Rodriguez Diaz</u>. In fact, Petitioner has been detained twelve months, two months shy of Rodriguez Diaz's fourteen months, and Petitioner has had two bond hearings in contrast to Rodriguez Diaz's single hearing.

To the extent the petition challenges the two bond hearings held by the immigration court, "the determination whether an alien is 'dangerous' for immigration-detention purposes is a mixed question of law and fact and is reviewable as a 'question of law.'" <u>Martinez v. Clark</u>, 124 F.4th 775, 779 (9th Cir. 2024). "When questions require a close review of agency-found facts, like the 'dangerousness' determination, we review for an abuse of discretion." <u>Id.</u> at 784. "Under an abuse of discretion standard, 'we cannot reweigh evidence ... [but] can [only] determine whether the BIA applied the correct legal standard.'" <u>Id.</u> at 785 (alterations in original) (quoting <u>Konou v. Holder</u>, 750 F.3d 1120, 1127 (9th Cir. 2014)). Petitioner has not provided the Court with transcripts or recordings of the bond hearings that would allow the Court to determine whether the record reflects that the immigration judges applied the correct legal standard at the hearings.

To the extent the petition challenges the impartiality of immigration judges, reliance on a news article regarding an "ongoing practice of removing immigration Judges (i.e. fired nearly 100 since 2025) from their position if cases or bonds are granted," (ECF No. 1 at 4–5), is not sufficient to establish the partiality of the immigration judges who held Petitioner's bond hearings such that the hearings violated due process,

Based on the foregoing, the undersigned recommends finding that Petitioner is not entitled to habeas relief.[2]

### III.

### RECOMMENDATION

Accordingly, the undersigned HEREBY RECOMMENDS that the petition for writ of habeas corpus be DENIED.

\\\

---

[2] In light of this conclusion, the Court declines to address Respondents' exhaustion argument.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections, **no longer than fifteen (15) pages, including exhibits**, with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **May 13, 2026**

/s/ _Erica P. Grosjean_
UNITED STATES MAGISTRATE JUDGE